**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12419

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DONALD M. REYNOLDS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:06-cr-00081-DHB-BKE-2

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Donald Reynolds, proceeding pro se, appeals the district court's denial of his motion for a sentence reduction. He argues that the district court erred by failing to consider his eligibility for

a sentence reduction and to properly weigh or discuss the relevant 18 U.S.C. § 3553(a) factors. He also argues that the district court reaffirmed an impermissible upward variance. After careful review, we disagree with Reynolds and affirm the district court's denial of his motion for a sentence reduction.

## I.

In 2006, Reynolds was convicted in the Southern District of Georgia of armed bank robbery (Count I), discharging a firearm during a crime of violence (Count II), and possessing a firearm as a convicted felon (Count III). The district court imposed a 420-month sentence, which consisted of an upward departure to the statutory maximum term of 300 months' imprisonment for Count I, a concurrent term of 120 months for Count III, plus a consecutive term of 120 months for Count II.

In 2023, in response to the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), the United States District Court for the Southern District of West Virginia vacated Reynolds's conviction on Count III and transferred the case to the Southern District of Georgia for further proceedings. There, Reynolds requested a *de novo* resentencing hearing.

The district court denied Reynolds's motion. In its order, the district court explained that the vacatur of Count III did not affect the guideline range or change the factual basis for the court's initial upward departure to the statutory maximum term of 300 months for Count I. Specifically, the district court stated that it had departed upward on Count I at sentencing in accordance with

U.S.S.G. § 5K2.6—which permitted an upward variance when weapons were used or possessed during the commission of the underlying offense—because Reynolds used a shotgun during the bank robbery. The court added that Reynolds's rehabilitation did not mitigate his original sentence, given "the trial testimony of the weeping bank teller who came face to face with the shotgun and of the victim impact letters of the four bank employees, each of whom described the trauma as life-altering." Doc. 290 at 8. The court explained that a sentence reduction would not serve the purposes of sentencing under § 3553(a), particularly the need to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence.

In 2024, Reynolds moved for a reduction in his sentence to 275 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821. Reynolds argued that Amendment 821 eliminated status points for individuals with 6 or fewer criminal history points and that, under the amendment, he would have only 5 criminal history points, which would lower his criminal history category to III and his guideline range to 121–151 months for Count I. He also argued that the section 3553(a) factors favored release because he had spent much of his time in prison working towards rehabilitation, none of his disciplinary infractions were violent, and a reduced sentence would meet the need to avoid unwarranted sentencing disparities among codefendants.

The district court denied Reynolds's motion. First, it determined that Amendment 821 reduced Reynolds's criminal history

category, resulting in a lowered amended guideline range of 121 to 151 months for Count I. But then, in weighing the section 3553(a) factors, the district court concluded that a sentence reduction was not warranted for the same reasons that it previously "set forth in greater detail in the . . . order dated April 13, 2023 (Doc. 290)." Doc. 310-1. The district court concluded that the original sentence, including the upward departure "pursuant to U.S.S.G. § 5K2.6," remained appropriate "due to the defendant's use of a weapon," which "was not adequately taken into account by the applicable guideline calculations." *Id.*

Reynolds appealed.

## II.

Reynolds raises three challenges on appeal. First, he contends that the district court abused its discretion by failing to determine whether he was eligible for a sentence reduction. Second, he argues that the district court improperly weighed the section 3553(a) factors by neglecting to consider his rehabilitation efforts and an unwarranted sentencing disparity. Third, he claims that the district court's upward variance from his guideline range for Count I at the original sentencing was erroneous because it duplicated punishment for conduct already covered by Count II. For the following reasons, we reject Reynolds's arguments and affirm the district court's denial of his motion for a sentence reduction.

*A.*

We review the district court's conclusions about the scope of its legal authority under section 3582(c)(2) *de novo*. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). Once eligibility under section 3582(c)(2) is established, we review the decision to deny a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238, 1248 (11th Cir. 2017). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). In considering whether a district court has abused its discretion, we may infer from its conclusions "implied factual findings that are consistent with its judgment although unstated." *United States v. $242,484.00*, 389 F.3d 1149, 1154 (11th Cir. 2004) (en banc).

Section 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and [is] not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Instead, review under section 3582(c)(2) follows a limited two-step analysis. *Id.* At the first step, a district court must determine whether a retroactive amendment to the Sentencing Guidelines has lowered the defendant's guideline range consistent with the applicable policy statements. *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000); U.S.S.G. § 1B1.10, comment. (n.1(A), (B)(i)–(iii)). And at the second step, a district court must "consider whether the authorized

reduction is warranted, either in whole or in part, according to the factors set forth in section 3553(a)." *Dillon*, 560 U.S. at 826.

In its analysis, the district court need not address each of the section 3553(a) factors or all the mitigating evidence. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). Instead, an acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (quoting *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021)). The district court has discretion to weigh the section 3553(a) factors, *Tinker*, 14 F.4th at 1241, and is not bound by a prior decision to depart or vary. *United States v. Vautier*, 144 F.3d 756, 761–762 (11th Cir. 1998).

## B.

First, we reject Reynolds's argument that the district court failed to consider whether he was eligible for a sentence reduction. At *Dillon*'s first step, the district court concluded that Reynolds was eligible for a sentence reduction under section 3582(c)(2). Specifically, in light of Amendment 821's retroactive applicability, the district court calculated an amended guideline range of 121 to 151 months for Count I, which, it noted, was less than the original guideline range of 135 to 168 months. Although it is true that the district court did not explicitly say as much, we have no trouble concluding that the district court determined that Reynolds was eligible for a sentence reduction because it compared the two guideline range calculations, recognized that the amended guideline

range was lower than the initial guideline range, and proceeded to *Dillon*'s second step. *See $242,484.00*, 389 F.3d at 1154. Accordingly, we reject Reynolds's contention that the district court failed to consider whether he was eligible for a sentence reduction under section 3582(c)(2).

Second, we conclude that the district court did not abuse its discretion in weighing the section 3553(a) factors. At *Dillon*'s second step, the district court determined that the section 3553(a) factors counseled against a sentence reduction. To justify its ruling, the district court incorporated its April 2023 order, where it identified several factors weighing against a sentence reduction, including the seriousness of the offense, the need to provide just punishment, and the need to afford adequate deterrence. And although the district court did not explain why these factors weighed against a lower sentence, it did explain that it imposed an upward variance at sentencing because Reynolds fired multiple shots from a shotgun during the bank robbery, he shot at law enforcement when they were trying to apprehend him, and the victim impact statements described the trauma as life-altering.

On this record, we believe that the district court provided sufficient analysis to explain its conclusion and to facilitate meaningful appellate review. *Tinker*, 14 F.4th at 1240–41; *Cook*, 998 F.3d at 1184–85. Although Reynolds argues that the district court's order did not reflect its consideration of his arguments on the section 3553(a) factors, including his rehabilitation efforts and an unwarranted sentencing disparity, the district court was not required

to address each factor and had discretion to determine that the aggravating factors articulated in its previous order outweighed the mitigating factors identified by Reynolds. *Tinker*, 14 F.4th at 1241. Therefore, we cannot say that the district court abused its discretion in declining to reduce Reynolds's sentence based on its assessment of the section 3553(a) factors.

Third, we reject Reynolds's claim that the district court erred by reaffirming its upward variance for Count I because it impermissibly duplicated punishment for conduct already covered by Count II. Reynolds contends that the district court imposed its Count I upward variance based on U.S.S.G. § 2K2.4, which, by its terms, should not apply to Count I because it was the underlying offense. But the problem with Reynolds's position is that the district court did not impose its upward variance based on section 2K2.4. Instead, as the district court stated multiple times, it imposed its Count I upward variance based on section 5K2.6, which contained no similar restriction on its applicability to underlying offenses. Accordingly, Reynolds's argument that the district court imposed an impermissible upward variance for Count I fails.

### III.

For the foregoing reasons, we **AFFIRM** the district court's denial of Reynolds's motion for a sentence reduction.